**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA AND PECOS DIVISION**

| | | |
|---|---|---|
| **THEODIS McGEE, individually and as next friend of L.M., a minor**<br>**Plaintiff**<br><br>**vs.**<br><br>**Pleasanton Independent School District; Kari Vickers, Principal, in her individual capacity; Antonio Sanchez, Assistant Principal, in his individual capacity; Anthony Kosub, Assistant Superintendent, et al.**<br>**Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-cv-00041**<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANTS' UNOPPOSED MOTION TO TRANSFER VENUE</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Pleasanton Independent School District (PISD), Kari Vickers (Vickers), Antonio Sanchez (Sanchez), and Anthony Kosub (Kosub) move to transfer this case from the Western District of Texas Odessa/Midland Pecos Division to the Western District of Texas San Antonio Division pursuant to 28 U.S.C.A. § 1404(a), and would show the Court as follows:

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

1. Defendants respectfully request transfer to the Western District of Texas San Antonio Division (San Antono Division) where the events, parties, and witnesses are centered. The pleaded facts concern school-related incidents, administrative proceedings, and District decisions tied to PISD and its personnel, and the case's efficient resolution favors litigating where the relevant records, administrators, and student witnesses are located. According to his Complaint,

Plaintiff was at all times relevant a resident of Atascosa County, where Defendant Pleasanton ISD is also located. *See* Dkt. No. 1, pp. 2-3.

2. On June 1, 2026, Plaintiff filed his Complaint in the Western District of Texas Midland/Odessa and Pecos Division. *See* Dkt. No. 1. On September 16, 2026, Defendants filed their 12(b) Motion to Dismiss Plaintiff's Original Complaint. *See* Dkt. No. 8.

3. Plaintiff, on behalf of his minor child, asserts claims under 42 U.S.C. § 1983, the Fourteenth Amendment, and common-law negligence arising from his student's disciplinary placement in the PISD. *See* Dkt. No. 1.

## II. ARGUMENT AND AUTHORITY

4. Transfer of venue is governed by 28 U.S.C. § 1404(a), which permits transfer to any district or division where the action might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice" or to any district or division which all parties have consented. 28 U.S.C.A. § 1404(a). Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. *Id*. at (b).

5. According to the Western District of Texas Jurisdiction and Venue website, the San Antonio Division covers Atascosa County.[1]

6. The events giving rise to Plaintiff's claims, the District's disciplinary and investigative processes, and the relevant school administrators are centered in Atascosa County.

7. At the time of the underlying events, Kosub was Assistant Superintendent of PISD, Vickers was Principal of PISD Junior High, Sanchez was Assistant Principal at PISD Junior

1 https://www.txwd.uscourts.gov/court-information/jurisdiction-and-venue/ (last visited Sept. 24, 2026).

High, and Plaintiff's child was enrolled in PISD. Plaintiff at all times relevant resided in Atascosa County and now resides in Bexar County. Dkt. No. 1. PISD is a public school district located in Atascosa County. Accordingly, all parties are located in Atascosa County.

8. The material events occurred within PISD facilities and involve PISD student discipline, suggesting that relevant student records, disciplinary files, and investigation materials are maintained by PISD. Key witnesses include PISD administrators and student witnesses to the February 13, 19, and 20, 2025 incidents. The case concerns DAEP placement decisions, a disciplinary hearing on February 26, 2025, and the District's March 10, 2025 bullying determination, all of which were administered by PISD. Accordingly, the operative facts occurred in Atascosa County.

9. Plaintiffs are unopposed to transferring venue to the San Antonio Division.

## III. CONCLUSION AND PRAYER

Defendants PISD, Vickers, Sanchez, and Kosub pray that the Court grant this Motion to Transfer Venue and order transfer to the Western District of Texas San Antonio Division.

Respectfully submitted,

WALSH, GALLEGOS, KYLE, ROBINSON &
DE LOS SANTOS, P.C.
1020 NE Loop 410, Suite 450
San Antonio, Texas 78209
Tel No.: (210) 979-6633
Fax No.: (210) 979-7024

By: */s/ Katie E. Payne*
KATIE E. PAYNE
State Bar No. 24071347
kpayne@wabsa.com
HANNAH M. CRAMER
State Bar No. 24105174

hcramer@wabsa.com

ATTORNEYS FOR DEFENDANTS
PLEASANTON INDEPENDENT
SCHOOL DISTRICT, KARI VICKERS,
ANTONIO SANCHEZ, AND ANTHONY
KOSUB

## CERTIFICATE OF CONFERENCE

I, the undersigned, conferred with Plaintiff's Counsel, Rob Mactavish, on September 17, 2026. Mr. Mactavish is not opposed to Defendants' Motion to Transfer Venue.

*/s/ Katie E. Payne*
Katie E. Payne

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 25th day of September, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which caused it to be served upon all counsel of record.

*/s/ Katie E. Payne*
Katie E. Payne