# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| THEODIS McGEE, individually and as next friend of L.M., a minor, *Plaintiff,* | ) | |
| -v- | ) | Case No.4:26-cv-00041-DC-DF |
| PLEASANTON INDEPENDENT SCHOOL DISTRICT; KARI VICKERS, Principal, in her individual capacity; ANTONIO SANCHEZ, Assistant Principal, in his individual capacity; ANTHONY KOSUB, Assistant Superintendent, in his individual capacity; *Defendants.* | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff Theodis McGee, individually and as next friend of L.M., a minor, respectfully submits this Response in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 8).

## INTRODUCTION

Defendants' Motion to Dismiss rests on a selective reading of the Complaint and disregards factual allegations that must be accepted as true at this stage. Plaintiff alleges that Pleasanton Independent School District ("PISD") administrators received repeated notice of escalating threats and violence involving L.M.; failed to take appropriate action to protect him; restrained L.M. during the February 20, 2025 incident; failed to disclose or adequately consider investigative evidence including witness and video evidence; and imposed significant discipline following a disciplinary process that Plaintiff alleges was procedurally deficient and predetermined. Compl. ¶¶ 15–27, 35–43, 49–53. Plaintiff further alleges that these events resulted in a six-day suspension,

a disciplinary hearing, and placement in a Disciplinary Alternative Education Program ("DAEP"). Id. ¶¶ 27, 36–43.

At the pleading stage, the Court does not weigh the evidence or resolve factual disputes. Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. The Complaint alleges specific conduct by each Defendant and identifies the factual circumstances underlying Plaintiff's due-process and equal-protection claims, including the February 2025 incidents, the District's subsequent disciplinary proceedings, and the disparate treatment allegedly afforded to students involved in the underlying incidents. Compl. ¶¶ 15–43, 59–66.

Defendants' arguments improperly treat disputed factual issues and matters not yet developed through discovery as though they were established facts. In particular, Defendants seek dismissal based on the asserted absence of sufficient procedural protections, the alleged lack of similarly situated comparators, qualified immunity, and the absence of a municipal policy or custom. Those arguments cannot be resolved by disregarding the factual allegations actually pleaded. At minimum, the Complaint contains sufficient factual matter to permit the Court to evaluate the asserted federal claims under the governing pleading standard and to distinguish the factual questions that require further development from the legal issues properly resolved on a Rule 12(b)(6) motion.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion tests the sufficiency of the pleadings, not the merits of the case. The Court must accept well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33

(5th Cir. 2009). A complaint survives dismissal when its factual content permits the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The plausibility standard is not a probability requirement; it requires only enough factual matter to raise the claim above the speculative level. *Twombly*, 550 U.S. at 555–56.

Although the Court need not accept legal conclusions or conclusory assertions as true, it must accept well-pleaded factual allegations and draw reasonable inferences from those facts in Plaintiff's favor. *Iqbal*, 556 U.S. at 678–79; *Lormand*, 565 F.3d at 232–33. At this stage, the Court does not resolve factual disputes or determine whether Plaintiff will ultimately prevail. The question is whether the Complaint contains sufficient factual matter to state a plausible claim for relief.

Federal pleading rules likewise do not require Plaintiff to plead his legal theory with technical precision where the Complaint provides fair notice of the factual basis for the claims asserted. *Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (per curiam). The Court therefore should evaluate the sufficiency of the claims based on the factual allegations actually pleaded, rather than Defendants' competing characterization of those allegations.

## <u>ARGUMENT</u>

### I. Plaintiff Plausibly Alleges a Procedural Due Process Violation

Defendants principally argue that Plaintiff's due-process claim fails because placement in a Disciplinary Alternative Education Program ("DAEP") does not implicate a protected property interest under *Nevares v. San Marcos Consolidated Independent School District*, 111 F.3d 25 (5th Cir. 1997), and because L.M. received the process required by *Goss v. Lopez*, 419 U.S. 565 (1975). The argument improperly treats the DAEP placement and the disciplinary process as a single issue.

Plaintiff does not rely solely on the proposition that DAEP placement itself creates a protected property interest. *Nevares* held that transfer to a Texas alternative education program

did not, standing alone, deprive the student of access to public education. 111 F.3d at 27. But *Nevares* does not eliminate the separate procedural protections applicable when a school suspends a student from his regular educational setting. Under *Goss*, a student facing a suspension of ten days or less must receive notice of the charges, an explanation of the evidence supporting the accusation, and an opportunity to present his side of the story. *Goss* at 581.

The Complaint alleges facts supporting a plausible inference that those protections were not meaningfully provided. Plaintiff alleges that L.M. was suspended following the February 20, 2025, incident while the District conducted its investigation; that the disciplinary process proceeded despite unresolved factual disputes concerning the incident; and that Defendants failed to disclose or adequately consider material investigative evidence, including witness accounts and video evidence, and failed to make the required determination concerning L.M.'s claim of self-defense. Compl. ¶¶ 22–27, 35–43, 49–53. The Complaint further alleges that the disciplinary outcome was predetermined and that Plaintiff was not afforded a meaningful opportunity to contest the factual basis for the discipline before it was imposed. *Id*.

Defendants' assertion that L.M. received a hearing therefore does not resolve the Rule 12(b)(6) issue. The question is not simply whether a meeting occurred, but whether the process provided the notice, explanation of the evidence, and meaningful opportunity to respond required by *Goss*. 419 U.S. at 581. Whether the process actually afforded those protections in light of the allegations concerning the evidence withheld, the investigation, and the circumstances of the February 20 incident cannot be resolved by accepting Defendants' characterization of the disciplinary proceedings.

Accordingly, even if *Nevares* forecloses treating the DAEP placement itself as a standalone property deprivation, Plaintiff has plausibly alleged that the disciplinary process resulting in his suspension failed to satisfy the procedural protections required by *Goss*. The procedural due-

process claim should therefore not be dismissed.

**II. Plaintiff Plausibly Alleges an Equal Protection Claim Under a Class-of-One Theory**

Defendants next contend that Plaintiff has not stated an equal-protection claim because L.M. is not alleged to belong to a protected class and because the Complaint does not identify sufficiently comparable students. The Complaint, however, proceeds under a class-of-one theory.

The Supreme Court has recognized that the Equal Protection Clause may protect an individual from intentional treatment that is irrational and wholly arbitrary, even when the plaintiff is not a member of a protected class. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Fifth Circuit likewise recognizes class-of-one claims and evaluates whether the alleged comparators are similarly situated in material respects. *Lindquist v. City of Pasadena*, 669 F.3d 225, 233–34 (5th Cir. 2012).

The Complaint alleges that students involved in the February 13, February 19, and February 20 incidents, including students whom Plaintiff alleges participated in the conduct giving rise to the February 20 confrontation, were treated more favorably than L.M. Compl. ¶¶ 15–27, 59–66. Plaintiff alleges that those students were not subjected to the same suspension, DAEP placement, investigation, or discipline imposed upon L.M. Id. ¶¶ 59–66. Plaintiff further alleges that Defendants' disparate treatment occurred despite the District's knowledge of the underlying incidents and L.M.'s prior reports of bullying. Id.

At the pleading stage, Plaintiff is not required to prove the comparative disciplinary histories of minor students whose identities and school records are within Defendants' possession. Nor is Plaintiff required to publicly identify minor children where doing so would unnecessarily disclose information concerning minors. The Complaint identifies the relevant incidents, the students' alleged involvement, and the materially different treatment on which the claim is based. Compl. ¶¶ 59–66. The identities of the students, the District's disciplinary records, and the precise

treatment afforded to each student are matters that can be developed through discovery, subject to appropriate protections for student privacy.

Defendants therefore ask the Court to resolve factual questions concerning the degree of similarity between L.M. and the other students before discovery has occurred. That is not the function of Rule 12(b)(6). The Complaint alleges sufficient facts to make the asserted differential treatment plausible, and the Court should permit the claim to proceed.

Plaintiff does not rely on retaliation as an independent equal-protection theory. Rather, the allegations concerning L.M.'s reports of bullying and his efforts to defend himself provide factual context for Plaintiff's allegation that Defendants intentionally treated him differently from other students involved in the underlying incidents. Compl. ¶¶ 59–66. The operative question remains whether the alleged differential treatment was intentional and lacked a rational basis, as required by *Olech* and *Lindquist*.

**III. Defendants Are Not Entitled to Qualified Immunity on the Pleadings**

Defendants also seek qualified immunity. Qualified immunity requires consideration of two questions: whether the plaintiff has alleged a violation of a constitutional right and whether that right was clearly established at the time of the challenged conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

As to procedural due process, *Goss* clearly established by 1975 that a student facing a suspension of ten days or less is entitled to notice of the charges, an explanation of the evidence supporting the accusation, and an opportunity to present his side of the story. 419 U.S. at 581. Plaintiff alleges that Defendants failed to provide those protections in connection with the disciplinary process imposed upon L.M. Compl. ¶¶ 49–53. The right at issue was therefore clearly established long before the events alleged in the Complaint.

The Complaint also alleges individualized conduct rather than merely collective or

supervisory liability. Plaintiff alleges that Sanchez participated directly in the February 20 incident and restrained L.M.; that Vickers participated in the disciplinary process; and that Kosub recommended DAEP placement notwithstanding the alleged deficiencies in the investigation and the evidence concerning the incident. Compl. ¶¶ 22–27, 35–43. Those allegations are sufficient at the pleading stage to permit the Court to evaluate each Defendant's conduct individually.

Defendants may ultimately establish facts supporting qualified immunity. But that determination cannot rest solely on their competing characterization of the events. Where, as here, the Complaint alleges specific conduct that, if proven, would violate a clearly established procedural right, and the parties dispute the circumstances surrounding that conduct, qualified immunity should not be resolved against Plaintiff on the pleadings. See *Anderson*, 483 U.S. at 640.

To the extent Defendants seek qualified immunity from Plaintiff's substantive-due-process theory, Plaintiff acknowledges that the Fifth Circuit's decision in *T.O. v. Fort Bend Independent School District*, 2 F.4th 407, 413–15 (5th Cir. 2021), substantially limits substantive-due-process claims arising from conduct occurring in a disciplinary or administrative setting. Plaintiff nevertheless maintains that the Complaint alleges circumstances beyond a routine disciplinary measure, including the alleged restraint of L.M. during an assault by another student and the District's alleged prior knowledge of escalating threats. Compl. ¶¶ 15–27. Those allegations should be evaluated in the context of the specific conduct attributed to each Defendant. At minimum, however, Plaintiff's procedural due process claim is independently supported by clearly established law.

The allegations also distinguish this case from an ordinary challenge to a school's disciplinary judgment. Plaintiff does not allege merely that Defendants selected an incorrect punishment or made a mistaken educational decision. Rather, the Complaint alleges that Defendants acted after receiving repeated reports of threats and violence, failed to adequately

investigate those reports, failed to account for material witness and video evidence concerning the February 20 incident, physically restrained L.M., and thereafter imposed significant discipline despite unresolved factual circumstances and an allegedly predetermined process. Compl. ¶¶ 15–27, 35–43, 49–53. To the extent the substantive-due-process claim is considered separately, these allegations plausibly allege conduct beyond an ordinary exercise of school disciplinary discretion.

**IV. Plaintiff Adequately Pleads a Municipal-Liability Theory Against PISD**

Defendants contend that Plaintiff has not adequately pleaded a policy, custom, or practice attributable to PISD. Plaintiff's Complaint alleges that the challenged conduct resulted from District policies and practices concerning bullying investigations, student discipline, self-defense determinations, DAEP procedures, and the handling of student safety complaints. Compl. ¶¶ 68–76.

The Fifth Circuit has made clear that a plaintiff need not identify the final policymaker by name in the complaint, but must plead facts permitting a reasonable inference that the challenged conduct resulted from an official policy promulgated or ratified by a legally authorized policymaker. *McClelland v. Katy Independent School District*, 63 F.4th 996, 1008–12 (5th Cir. 2023). The Complaint alleges that the District maintained policies governing the challenged areas and that those policies were implemented and applied in the circumstances giving rise to L.M.'s injuries. Compl. ¶¶ 68–76.

Plaintiff also alleges a broader practice of failing to respond appropriately to reports of bullying and violence, failing to investigate reported assaults, failing to notify parents concerning injuries, and disciplining students who reported or responded to misconduct rather than adequately addressing the underlying misconduct. Id. ¶¶ 72–76. Whether those allegations ultimately establish a sufficiently widespread custom is a fact-intensive question that should not be resolved by simply characterizing the allegations as an isolated incident.

The Complaint therefore does not seek to impose liability on PISD merely because its employees allegedly violated Plaintiff's constitutional rights. Rather, Plaintiff alleges that the challenged conduct occurred in the context of District policies and practices governing bullying investigations, student discipline, self-defense determinations, DAEP placement, and the handling of student safety complaints. Compl. ¶¶ 68–76. Plaintiff further alleges that these District-level policies and practices were applied in the circumstances giving rise to L.M.'s injuries and were a moving force in the constitutional deprivations alleged. *Id*. At the pleading stage, these allegations provide fair notice that Plaintiff's municipal-liability theory is based on District policy and practice, rather than respondeat superior.

Plaintiff recognizes, however, that municipal liability cannot be based merely on respondeat superior and that an individual administrator's authority to implement policy is not necessarily the same as final policymaking authority. *McClelland*, 63 F.4th at 1008–12. The Complaint therefore should be read as asserting its municipal-liability theories based on the District's policies, practices, and alleged authorization or ratification of the challenged conduct, rather than on vicarious liability for the individual Defendants.

**V. Defendants' Punitive-Damages Argument Does Not Address the Claim Actually Pleaded**

Defendants separately argue that punitive damages may not be recovered against PISD under § 1983. That proposition is correct but does not warrant dismissal of any claim pleaded in the Complaint.

The Complaint does not seek punitive damages from PISD. Instead, the prayer expressly seeks punitive damages against the individual Defendants. Compl. ¶ 93(e). *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), therefore does not require dismissal of the pleaded punitive-damages claim against the individual Defendants.

**VI. Defendants' TTCA Arguments Do Not Require Dismissal of Plaintiff's Federal Claims**

Defendants also seek dismissal of Plaintiff's state-law negligence claims based on governmental immunity under the Texas Tort Claims Act ("TTCA"). Those arguments are distinct from Plaintiff's federal claims.

The TTCA does not create a general waiver of governmental immunity for negligence claims against a school district. Texas law strictly construes the Act's limited waivers, and the school-district provision generally requires the claim to fall within the statutory waiver for the operation or use of a motor vehicle or motor-driven equipment. *LeLeaux v. Hamshire-Fannett Independent School District*, 835 S.W.2d 49, 51–52 (Tex. 1992). Plaintiff's negligence allegations do not arise from the operation or use of a motor vehicle. Accordingly, to the extent the Court concludes that the TTCA bars the state-law negligence claims against PISD, that conclusion does not affect the independently pleaded federal claims under § 1983.

Defendants contend that Plaintiff's state-law negligence claims are barred by governmental immunity. The Texas Tort Claims Act ("TTCA") generally preserves governmental immunity, subject to specific statutory waivers. For school districts, the statute expressly provides that, "[e]xcept as to motor vehicles," the TTCA does not apply. Tex. Civ. Prac. & Rem. Code § 101.051. The Texas Supreme Court has likewise held that a school district's immunity is waived only to the extent provided by the TTCA, including the motor-vehicle waiver, and that the claimed injury must arise from the operation or use of the vehicle. *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51–52 (Tex. 1992).

Plaintiff's state-law allegations concern Defendants' handling of student safety, discipline, investigation, and supervision, not the operation or use of a motor vehicle. Accordingly, Plaintiff does not contend that the TTCA independently waives immunity for those state-law claims. Any applicable TTCA immunity therefore affects only the state-law causes of action and does not

provide a basis for dismissal of Plaintiff's separately pleaded federal constitutional claims.

To the extent Defendants challenge Plaintiff's negligent-infliction-of-emotional-distress theory, Texas does not recognize NIED as an independent tort. *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993). But that principle does not eliminate Plaintiff's other pleaded theories of liability or the damages alleged in connection with those claims.

Lastly, Defendants' TTCA arguments do not immunize governmental entities or employees from liability under federal law. See *Howlett v. Rose*, 496 U.S. 356, 376–78 (1990). The Court should therefore distinguish Defendants' arguments about the viability of the state-law claims from the separately pleaded federal constitutional claims.

**VII. Plaintiff's IIED Claim Is Not Subject to Dismissal at the Pleading Stage**

Defendants also seek dismissal of Plaintiff's intentional infliction of emotional distress claim. To the extent Defendants rely on *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993), that decision addresses negligent infliction of emotional distress and does not hold that an adequately pleaded IIED claim is subject to dismissal merely because the underlying conduct may also support another cause of action. The Complaint alleges conduct directed toward L.M. that Plaintiff contends was extreme and outrageous, including Defendants' alleged failure to respond appropriately to repeated reports of escalating threats and violence, the physical restraint of L.M. during the February 20, 2025, incident, the failure to adequately investigate and consider witness and video evidence concerning that incident, and the subsequent imposition of significant discipline despite unresolved factual circumstances. Compl. ¶¶ 15–27, 35–43, 49–53. Whether those allegations ultimately satisfy the elements of IIED should not be resolved by accepting Defendants' characterization of the underlying events at the Rule 12(b)(6) stage.

Defendants' immunity arguments likewise do not warrant dismissal of Plaintiff's federal claims. To the extent the Court determines that any state-law claim is barred by governmental

immunity, that determination would not eliminate Plaintiff's separately pleaded federal claims under 42 U.S.C. §§ 1983 and 1985.

## CONCLUSION

Plaintiff's Complaint alleges specific facts that, taken as true, plausibly state constitutional violations arising from the disciplinary process imposed upon L.M., including the denial of the procedural protections required by *Goss*, intentional differential treatment under the Equal Protection Clause, and claims against the individual Defendants based on their respective conduct. The Complaint also alleges District policies and practices supporting municipal liability under § 1983. Defendants' Motion depends in substantial part on factual characterizations that cannot be resolved against Plaintiff at the pleading stage.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss as to the adequately pleaded federal claims and permit those claims to proceed.

Respectfully Submitted,

Dated: September 27, 2026

**LLG NATIONAL LAW GROUP**

Robert S. Mactavish
Florida Bar Number 0596388
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
robert.mactavish@llgnational.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2026, I electronically filed the foregoing Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

Robert S. Mactavish